# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 3:09cv69-1
## 3:06cr147-C

|                                 |   |        |
|---------------------------------|---|--------|
| **JORGE MAURICCIO VASQUEZ,**    | ) |        |
| Petitioner,                     | ) |        |
| v.                              | ) | ORDER  |
| **UNITED STATES OF AMERICA,**   | ) |        |
| Respondent.                     | ) |        |

**THIS MATTER** comes before the Court for an initial review of Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. No. 1), filed February 25, 2009.

## I. PROCEDURAL HISTORY

On May 25, 2006, Petitioner was one of two individuals named in a three-count Bill of Indictment. The Indictment charged Petitioner with conspiracy to possess with intent to distribute, and possession with intent to distribute, at least five kilograms of cocaine in violation of 21 U.S.C. §§ 846 and 841. (Case No. 3:06cr147, Doc. No. 11: Indictment). On August 14, 2006, although he had not entered into a plea agreement with the government, Petitioner entered a "straight-up" guilty plea to Counts One and Two of his Indictment at a Rule 11 hearing before the Court.

On December 27, 2006, this Court conducted a sentencing hearing where Petitioner was found responsible for 5.26 kilograms of cocaine. (Case No. 3:06cr147, Doc. No. 43: Sent'g Tr. at 6). The Court then sentenced Petitioner to 120 months' imprisonment on Counts One and Two, to be served concurrently, and five years of supervised release. (Case No. 3:06cr147, Doc. No. 32: Judgment). Petitioner filed a Notice of Appeal (Case No. 3:06cr147: Doc. No. 35), and on January

11, 2008, the United States Court of Appeals for the Fourth Circuit affirmed Petitioner's sentence and conviction. United States v. Vasquez, 261 F. App'x 573 (unpublished).[1]

On February 13, 2009, Petitioner timely filed the instant Motion to Vacate, Set Aside, or Correct Sentence. (Doc. No. 1). In his Motion to Vacate Petitioner alleges that he received ineffective assistance of counsel. Specifically, Petitioner alleges that his counsel was ineffective for failing to "raise the breach of the plea agreement by the Government and the Judge" in connection with the Court's finding at sentencing Petitioner was responsible for 5.26 kilograms of cocaine. (Id. at 4).

## II. DISCUSSION

### A. Initial Review Authority

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings," in order to determine whether a petitioner is entitled to any relief. If the motion is not dismissed after that initial review, the district court must direct the government to respond. Id. However, the district court may summarily deny and dismiss a petitioner's motion "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief . . . ." Id. Following this directive, the Court has reviewed Petitioner's Motion to Vacate and the pertinent record evidence. As hereafter explained, such review clearly establishes that Petitioner is not entitled to habeas relief.

### B. Ineffective Assistance of Counsel

---

[1] On March 31, 2008, Petitioner also filed a motion pursuant to Fed. R. Crim. P. 12(b)(3) asserting that the Court lacked jurisdiction to impose a sentence based on its own finding of drug quantity. (Case No. 3:06cr147, Doc. No. 56). On October 24, 2008, this Court denied Petitioner's motion. (Case No. 3:06cr147, Doc. No. 58). Petitioner appealed, and on May 4, 2009, the Fourth Circuit affirmed the Court's order denying Petitioner's motion. United States v. Vasquez, 325 F. App'x 283 (unpublished).

To establish a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by such constitutionally deficient representation. Strickland v. Washington, 466 U.S. 668, 687-91 (1984); see also Fields v. Attorney Gen. of State of Md., 956 F.2d 1290, 1297-99 (4th Cir. 1992). In measuring counsel's performance, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Furthermore, as movant, a petitioner "bears the burden of proving Strickland prejudice." Fields, 956 F.2d at 1297 (citing Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983)).

To meet this burden, a petitioner must demonstrate not only "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," but also that "the result of the proceeding was fundamentally unfair or unreliable." Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Strickland, 466 U.S. at 694 and Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)). Because Petitioner's claim of ineffective assistance attempts to challenge issues at sentencing, he must, at a minimum, allege facts which establish that his "sentence would have been more lenient" absent counsel's errors. Royal v. Taylor, 188 F.3d 239, 248-49 (4th Cir. 1999). If a petitioner fails to demonstrate prejudice, a "reviewing court need not consider the performance prong." Fields, 956 F.2d at 1297 (citing Strickland, 466 U.S. at 697).

In support of his claim of ineffective assistance of counsel, Petitioner correctly states that he pled guilty to Counts One and Two of his Indictment, both of which charged him with possessing or conspiring to possess at least five kilograms of cocaine. (Doc. No. 1 at 4). Nevertheless, Petitioner claims that his counsel should have objected to a "breach of the plea agreement" when the Court subsequently found him responsible for 5.26 kilograms of cocaine at his sentencing hearing. (Id.).

Petitioner's claim for ineffective assistance of counsel fails on several levels. As an initial

3

matter, the Court notes that Petitioner entered a "straight-up" plea; there was no plea agreement in existence for the government to breach. Moreover, in direct contravention of Petitioner's allegations, Petitioner's counsel did in fact object to this drug amount as forming the factual basis to support Petitioner's guilty plea. Counsel argued, albeit unsuccessfully, that based upon the results of a lab report, Petitioner should have been held responsible for less than five kilograms of cocaine. (Case No. 3:06cr147, Doc. No. 43: Sent'g Tr. at 3-6).[2] Because counsel objected the manner that Petitioner now contends she should have, counsel's performance cannot be labeled deficient on this ground.

Moreover, Petitioner suffered no prejudice by his counsel's alleged shortcomings. Petitioner argues that if his "plea agreement" had not been breached, he would have been exposed to a sentencing range of only 78 to 97 months. (Doc. No. 1-1 at 6). Petitioner fails to realize, however, that his guilty plea on Counts One and Two subjected him to a mandatory minimum sentence of ten years' imprisonment. See 21 U.S.C. § 841(b)(1). Even if the Court had, as Petitioner seems to advocate, interpreted his plea as somehow limiting his responsibility to no more than five kilograms of cocaine, Petitioner's sentence would have been no different. Consequently, Petitioner's claim of ineffective assistance of counsel fails on this basis as well.

The Court's initial review of the Petitioner's Motion to Vacate and the relevant record evidence conclusively shows that he cannot establish that he received ineffective assistance of counsel. Therefore, Rule 4(b) of the Rules Governing Section 2255 Proceedings requires this Court to dismiss the instant Motion to Vacate.

---

[2] In affirming Petitioner's sentence and conviction, the United States Court of Appeals for the Fourth Circuit also held that "[t]he district court appropriately held [Petitioner] responsible for at least five kilograms of cocaine." Vasquez, 261 F. App'x at 574.

### III.  CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. No. 1) is **DENIED** and **DISMISSED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong) (citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

**SO ORDERED**.

Signed: September 17, 2010

Robert J. Conrad, Jr.
Chief United States District Judge